COURT OF APPEALS, STATE OF WASHINGTON, DIVISION III

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 29513-3-III |
| | ) | |
| Respondent, | ) | ORDER GRANTING MOTION |
| | ) | FOR RECONSIDERATION |
| v. | ) | AND AMENDING OPINION |
| | ) | DATED May 6, 2014 |
| MERLE WILLIAM HARVEY, | ) | |
| | ) | |
| Appellant. | ) | |

THE COURT has considered appellant's motion for reconsideration of this court's decision of May 6, 2014, and having reviewed the records and files herein, is of the opinion the motion should be granted in part. Therefore,

IT IS ORDERED, appellant's motion for reconsideration is hereby partially granted.

IT IS FURTHER ORDERED that the opinion shall be amended by replacing footnote one on page 2 with the following:

> We do not separately address the SAG filings. In his supplemental SAG, Mr. Harvey raises public trial issues separate from those raised by counsel. However, the record does not show that any of the closures claimed by Mr. Harvey occurred. The remaining pro se arguments address trial matters rather than the jury selection issues that are the subject of this second appeal. Some of those arguments were made previously and all of them

could have been raised earlier. In particular, we note that Mr. Harvey had copies of the jury instructions prior to filing his original SAG. We do not review the trial issues in this opinion.

DATED: June 10, 2014

PANEL: Jj. Korsmo, Fearing, Lawrence-Berrey

FOR THE COURT:

**LAUREL H. SIDDOWAY**
**CHIEF JUDGE**



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 29513-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MERLE WILLIAM HARVEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — In this second review of Merle Harvey's convictions for first and second degree murder, along with two counts of unlawful possession of a firearm, we consider his claims that his public trial and due process rights were violated during jury selection. His arguments are resolved by our decision in *State v. Love*, 176 Wn. App. 911, 309 P.3d 1209 (2013). Accordingly, we once again affirm the convictions.

PROCEDURAL HISTORY

This court previously affirmed the convictions in an unpublished case *State v. Harvey*, noted at 167 Wn. App. 1026, 2012 WL 1071234. Mr. Harvey, pro se, then successfully petitioned the Washington Supreme Court to permit supplementation of the

record with a transcription of the jury selection proceedings. The matter was remanded to this court.

We appointed new counsel for Mr. Harvey and, after receipt of the transcript, the parties filed additional briefs addressing jury selection. Mr. Harvey filed additional statements of additional grounds (SAG).[1]

The jury selection transcript showed that 80 jurors appeared for jury selection on September 13. The court gave the preliminary instruction on only one occasion, a fact that suggests all jurors were in the courtroom at the same time. The record also reflects that the jurors were given a questionnaire to fill out. Some of the prospective jurors were questioned individually in the courtroom outside the presence of the other jurors. One of the jurors mentioned that it was possible to hear what was happening in the courtroom from out in the hallway.

General voir dire of the entire panel commenced the following morning with all jurors in the courtroom. Seven jurors were struck during this period. After a brief sidebar conference, juror 19 was struck due to the juror's prescheduled business trip.

---

[1] We do not separately address the SAG filings. Mr. Harvey raises the same two arguments concerning jury selection that his counsel raised. As counsel has adequately briefed those arguments, we do not address Mr. Harvey's version of them. RAP 10.10(a). The remaining pro se arguments address trial matters rather than the jury selection issues that are the subject of this second appeal. Some of those arguments were made previously and all of them could have been raised earlier. We do not review them in this action.

Juror 38 was also stricken for cause during this court session, although that did not happen at sidebar.

General voir dire continued that afternoon. A brief sidebar was held during the afternoon session when defense counsel objected to the prosecutor asking a juror about an instruction that had not been given. Another objection was heard at sidebar when the prosecutor took exception to defense counsel getting too case specific in his questions to the prospective jurors. Another sidebar was held after some jurors expressed that they could not sit in judgment of the defendant. Jurors 43, 60, and 77 were struck during this conference. The court adjourned for the day after these excusals.

Jury selection continued the next day, September 15. The first thing mentioned this day was that juror 78 had been dismissed by stipulation during the intervening hours:

> THE COURT: Good morning. Please be seated. Where had we ended in terms of the voir dire?
> MR. MASON [defense counsel]: Mr. Nagy was allowed to ask some questions, and then I think we were done.
> THE COURT: Are we done?
> MR. NAGY [deputy prosecutor]: Yes, Your Honor.
> THE COURT: And then we had done the for causes.
> MR. AMES [defense counsel]: Yes, Your Honor.
> THE COURT: Since that time, we have also released No. 78 by stipulation. Is that correct, gentlemen?
> MR. MASON: Yes.
> MR. NAGY: Yes.

Report of Proceedings at 297.

3

The venire was brought in to the courtroom and a sidebar was held to clear up confusion over the exercise of peremptory challenges. The peremptory process then was conducted by counsel marking their challenges on a juror sheet. The jury selection process was then completed.

## ANALYSIS

This appeal contends that Mr. Harvey's article I, section 22 right to a public trial was violated by conducting portions of jury selection, including the exclusion of jurors at sidebar, in private. The defense also argues that these same actions violated the defendant's right to be present. We address each contention in turn.

*Public Trial*

Article I, section 22 guarantees those accused of crimes the right "'to a speedy public trial by an impartial jury.'" *Love*, 176 Wn. App. at 916. The right to a public trial is violated whenever proceedings that are required to be "open" to the public are "closed." *Id.* Whether or not a particular aspect of trial proceedings is required to be open to the public is determined by application of the "experience and logic test." *Id.* (citing *State v. Sublett*, 176 Wn.2d 58, 292 P.3d 715 (2012)). Jury selection typically is open to the public. *State v. Strode*, 167 Wn.2d 222, 227, 217 P.3d 310 (2009).

Mr. Harvey specifically challenges the excusal of jurors for cause at sidebar, the excusal of juror 78 when the court apparently was not in session, the sidebar conferences

4

during the peremptory challenge process, and the written exercise of peremptory challenges. These challenges largely have been resolved by *Love*.

In *Love*, we declined to decide whether or not a sidebar conference constituted a closure of the courtroom. 176 Wn. App. at 917. Instead, applying the experience and logic test to the subject of the sidebar conference at issue there, we concluded that the action of excusing jurors for cause was not required to be conducted in public. *Id.* at 919-20. Similarly, we concluded that exercising peremptory challenges in writing did not violate article I, section 22. *Id.*

We adhere to those conclusions in this case. The fact that four jurors were excused for cause at sidebar did not violate our constitution. Likewise, there was no public trial violation by the use of a written peremptory challenge process. Mr. Harvey's remaining arguments were not at issue in *Love*, and we now turn to them.

With respect to the claim that it was improper to hold a sidebar conference during the peremptory challenge process, *Love* is still suggestive. There we noted that it was the subject of the sidebar conference that determined whether the matter needed to be considered in public. 176 Wn. App. at 917-18. The additional sidebar conferences now under challenge here involved procedural matters for the attorneys—whether questions of the venire were appropriate and how the peremptory process applied to alternate jurors. These matters, too, involve questions for the trial judge and did not need public oversight.

Under the experience and logic test, the subject matter of these sidebars did not implicate Mr. Harvey's public trial right.

The sole remaining issue was the decision to excuse juror 78 by stipulation of the parties off the record. On this record, we do not know anything about when or where or how this occurred—whether at the end of proceedings the night before, just prior to going on the record that morning, whether it took place in the courtroom or in chambers, or on the street outside the courthouse. In short, the record is woefully inadequate to decide this issue. However, for the same reasons that the challenges for cause in *Love* did not implicate the public trial right, we also are convinced that the right to a public trial was not implicated here. The experience and logic test indicates that challenges for cause are legal issues that do not depend upon the right to have the public present in the courtroom. *Love*, 176 Wn. App. at 919-20. Accordingly, despite the fact that there is no indication where this action took place, we do conclude that Mr. Harvey's article I, section 22 rights were not violated by the agreed excusal of juror 78.

Mr. Harvey has not established that any of the challenged actions violated his right to a public trial.

*Right to be Present*

Mr. Harvey also argues that the sidebar conferences and the off-the-record excusal of juror 78 violated his right to be present at all proceedings. The status of this record does not permit us to consider these claims for the first time in this appeal.

6

We faced a similar argument in *Love* and summarized the governing law in this manner:

> A criminal defendant has a due process right to be present at all critical stages of his criminal trial. *State v. Irby*, 170 Wn.2d 874, 246 P.3d 796 (2011). This includes the voir dire and empanelling stages of the trial. *Id.* at 883-84.
>
> However, Mr. Love did not contest the use of the sidebar procedure to hear his challenges for cause. The general rule in Washington is that appellate courts will not hear challenges that were not presented to the trial court. RAP 2.5(a). An exception is made for issues of "manifest error affecting a constitutional right." RAP 2.5(a)(3). Such issues may be raised if the record is sufficient to adjudicate them. *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). The alleged error must both be of constitutional nature and be "manifest" in the sense that it actually prejudiced the defendant. *Id.*

*Love*, 176 Wn. App. at 920-21.

We then concluded that because Mr. Love did not establish how the sidebar conferences had prejudiced him, the alleged error was not manifest. *Id.* at 921. We also questioned, although we did not decide, whether Mr. Love was "absent" from the proceedings while sitting in the courtroom while the sidebar conferences occurred a few feet away from him. *Id.* n.9.

We reach the same conclusion here. As to the sidebar conferences that occurred on the record while he was in the courtroom and the written peremptory challenges, Mr. Harvey has not shown that he was in some manner prejudiced. Accordingly, the allegation that he was not present is not manifest constitutional error.

We reach the same conclusion, although for additional reasons, with respect to the joint exclusion of juror 78. As noted previously, this record does not provide any information about how that occurred. For all this record shows, the action may well have taken place in the presence of Mr. Harvey or, perhaps, with his express blessing. There is absolutely nothing in the record to establish that this action occurred outside his presence. For this additional reason, too, we conclude this claim is not manifest constitutional error. If it is to be considered, it will have to be in the form of a personal restraint petition with appropriate documentation. *E.g., State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991).

Mr. Harvey's right-to-be present arguments do not present manifest questions of constitutional law. RAP 2.5(a). Accordingly, we decline to address them.

The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, A.C.J.

_____
Lawrence-Berrey, J.

8